IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAY CHUNG,   ) | |
|     ID # 1876067,   ) | |
|         Petitioner,   ) | |
| ) | |
| vs.   ) | No. 3:21-CV-7-X-BH |
| ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division,   ) | |
|         Respondent.   ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the court is the petitioner's *Motion for Time Extension to File 28USC§2254 [sic]*, received on December 31, 2020 (doc. 3). Based on the relevant filings and applicable law, this action should be **DISMISSED** for lack of subject matter jurisdiction.

### I.    BACKGROUND

Jay Chung (Petitioner) was sentenced to 20 years' imprisonment for possession of a controlled substance. *See Chung v. State*, No. 10-16-00242-CR, 2017 WL 4818889, at *1 (Tex. App.–Waco Oct. 25, 2017, pet. ref'd). His sentence was enhanced because of two prior convictions for indecency with a child. *See id.* The Tenth District Court of Appeals reversed and remanded the case for a new trial on punishment only. *See id.* at *1 n.1; *Chung v. State*, 475 S.W.3d 378 (Tex. App.–Waco 2014, pet ref'd). At the new trial on punishment, Petitioner received the same sentence, which was enhanced based on his prior convictions. *Chung*, 2017 WL 4818889, at *1. On October 25, 2017, the Tenth District Court of Appeals modified the judgment as to attorney's fees and otherwise affirmed the judgment. *See id.* at *2. On March 21, 2018, the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

Texas Court of Criminal Appeals (TCCA) refused Petitioner's petition for discretionary review (PDR). *See Ex parte Chung*, No. PD-1239-17 (Tex. Crim. App. Mar. 21, 2018), *available at* https://search.txcourts.gov/Case.aspx?cn=10-16-00242-CR&coa=coa10 (last visited Mar. 24, 2021). Petitioner's application for a state writ of habeas corpus was received by the TCCA on April 15, 2019, and denied without written order based on the findings of the trial court on November 11, 2020. *See Ex parte Chung*, No. WR-45,355-05 (Tex. Crim. App. Nov. 11, 2020), *available at* https://search.txcourts.gov/Case.aspx?cn=WR-45,355-05&coa=coscca (last visited March 24, 2021).

Petitioner now seeks a 180-day extension of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) to file his federal habeas petition because his ability to attend law library sessions to conduct legal research has been interrupted by COVID-19 quarantine lock-downs and limitations on inmate movement. (*See* doc. 3 at 1.)

## II.   JURISDICTION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that the timeliness provision in the AEDPA is subject to equitable tolling). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

"Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* § 2244(d)(1). Federal courts lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed. *See United States v. McFarland,* 125 F. App'x 573, 574 (5th Cir. 2005) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'"); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 (N.D. Tex. Dec. 23, 2008) ("Federal courts do not 'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'") (quoting *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted)). A party invoking federal subject matter jurisdiction must present a justiciable case or controversy. *Gray,* 2008 WL 5385010, at *1 (citing *Juidice v. Vail*, 430 U.S. 327, 331 (1977)) (other citations omitted).

Here, a ruling on Petitioner's motion will require an advance determination of whether his petition will be time-barred and whether equitable tolling is applicable. As noted, § 2254 does not authorize a prospective extension of the statute of limitations. There is no adverse party before the Court at this time, and no concrete dispute to be decided. Accordingly, the Court lacks subject matter jurisdiction to grant any relief.

### III.    RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction, unless the petitioner either files a motion to proceed *in forma pauperis* or pays the $5 filing fee *and* submits a habeas petition on

the appropriate form within the fourteen-day period for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 24th day of March, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE